```
                                          FILED      LODGED
                                                  RECEIVED
                                          DEC 30 2016
                                         CLERK U.S. DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                    BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC CARLSON, | CASE NO. 15-5913 |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION |
| v. | |
| LEWIS COUNTY HOSPITAL DISTRICT No.1, a Washington governmental entity; ROSS JONES, a married man; JUDY RAMSEY, a married woman; KENTON SMITH, a married man; MARC FISHER, a married man; SHANNON KELLY, a married woman; SHERI HENDRICKS, a married woman, | |
| Defendants. | |

This matter comes before the Court on the Defendants' Motion for Reconsideration and/or Clarification of the Order on Plaintiff's Motion to Compel Discovery and for Waiver of Attorney-Client Privilege. Dkt. 29. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR
CLARIFICATION- 1

1    On December 15, 2015, Plaintiff, a gay man, filed this case asserting that he was hired by
2    Defendant Lewis County Hospital District No. 1 ("Hospital District") as the Chief Financial
3    Operator of Morton General Hospital ("Morton") on November 21, 2014. Dkt. 1, at 3. Plaintiff
4    alleges that Hiram Whitmer, the Chief Executive Officer of Morton, made the decision to hire
5    Plaintiff. *Id.* Plaintiff's maintains that his employment at the hospital was improperly
6    terminated less than two months later. *Id.* Plaintiff asserts claims for violation of his procedural
7    due process and equal protection rights under the U.S. Constitution, pursuant to 42 U.S.C. §
8    1983, and for violations of the Washington Law Against Discrimination, RCW 49.60, *et. seq.*
9    ("WLAD"). Dkt. 1. Plaintiff seeks damages, attorney's fees and costs. *Id.*

## FACTS

11   On December 14, 2016, the Plaintiff's motion for an order finding that Defendants
12   waived the attorney-client privilege was granted. Dkt. 28. That order also granted the Plaintiff's
13   motion to compel the Defendants to respond to Plaintiff's First Interrogatories and Requests for
14   Production and produce all documents related to the evaluation of how to terminate Plaintiff's
15   employment, including those that contained the advice of counsel. *Id.* The December 14, 2016
16   Order noted that there may be issues regarding Washington's Rules of Professional Conduct
17   ("RPC") 3.7 "Lawyer as Witness," and perhaps others, including RPC 1.7 "Conflict of Interest:
18   Current Clients," for the Defendants' lawyers, and gave the Defendants' counsel until January 9,
19   2017 to inform the Court of whether they intended continue in the case. *Id.* Both parties were
20   also ordered to inform the Court by January 9, 2017 as to whether extension of the remaining
21   case deadlines is appropriate. *Id.*
22   The Defendants now move for reconsideration and/or clarification of that order. Dkt. 29.
23   The Defendants argue that the Court based its conclusions on the "false premise" that Mr.
24

1 Whitmer accurately described his communications with the hospital's lawyers, its' only

2 "affirmative act" was to deny the false allegations of Mr. Whitmer, and that reconsideration is

3 necessary to prevent injustice to the Defendants. *Id.* The Defendants argue that, to the extent

4 that the Court ruled that the documents' assumed importance alone was sufficient to find implied

5 waiver, the Court committed legal error. *Id.* The Defendants also assert that the parties' need

6 clarification on the scope of the waiver and permissible discovery. *Id.*

7 **DISCUSSION**

8 Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored.

9 The court will ordinarily deny such motions in the absence of a showing of manifest error in the

10 prior ruling or a showing of new facts or legal authority which could not have been brought to its

11 attention earlier with reasonable diligence." Under Local Rule 7(h)(3), a response to a motion

12 for reconsideration is not required. No motion for reconsideration may be granted, however,

13 without first giving the opposing party an opportunity to respond. *Id.*

14 Plaintiff should be given an opportunity to respond to Defendants' motion for

15 reconsideration and/or clarification on or before January 4, 2017. This response, if any, should

16 be in writing and limited to seven pages. In particular, Plaintiff should address whether he

17 objects to an *in camera review* of the documents at issue. Defendants may also file a reply, if

18 they choose. Defendants' reply, if any, should be in writing, limited to four pages, and filed by

19 January 6, 2017. Defendants' Motion for Reconsideration of the Order on Plaintiff's Motion to

20 Compel Discovery and for Waiver of Attorney-Client Privilege (Dkt. 29) should be renoted for

21 January 6, 2017.

22 Further, the deadline for Defendants' counsel to inform the Court of whether they

23 intended continue in the case should be extended to January 20, 2017. *Id.* Parties should inform

24

ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR
CLARIFICATION- 3

the Court by January 20, 2017 as to whether extension of the remaining case deadlines is appropriate.

## ORDER

Accordingly, it is **ORDERED** that:

- Defendants' Motion for Reconsideration and/or Clarification (Dkt. 29) is **RENOTED** for **January 6, 2017**;
  - Plaintiff's response, if any, shall be filed by **January 4, 2017**;
  - Defendants' reply, if any, shall be filed by **January 6, 2017**;
- The deadline for Defendants' counsel to inform the Court of whether they intended continue in the case is **RESET** for **January 20, 2017**;
- The deadline for all parties to inform the Court of whether an extension of the remaining case deadlines is appropriate is **RESET** for **January 20, 2017**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of December, 2016.

Robert J. Bryan
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR
CLARIFICATION- 4