1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

| ERIC CARLSON, | CASE NO. 15-5913 |

12

Plaintiff,

ORDER ON DEFENDANTS'
MOTION FOR RECONSIDERATION
AND/OR CLARIFICATION AND
RENOTING MOTION

13

v.

14

LEWIS COUNTY HOSPITAL
DISTRICT No.1, a Washington
governmental entity; ROSS JONES, a
married man; JUDY RAMSEY, a married
woman; KENTON SMITH, a married
man; MARC FISHER, a married man;
SHANNON KELLY, a married woman;
SHERI HENDRICKS, a married woman,

15

16

17

18

Defendants.

19

20

    This matter comes before the Court on the Defendants' Motion for Reconsideration

and/or Clarification of the Order on Plaintiff's Motion to Compel Discovery and for Waiver of

21

22

Attorney-Client Privilege (Dkt. 29) and on Plaintiff's Motion for Leave to Conduct Limited

Discovery (Dkt. 31).  The Court has considered the pleadings filed regarding the motions and the

23

24

remaining file.

1    On December 15, 2015, Plaintiff, a gay man, filed this case asserting that he was hired by

2    Defendant Lewis County Hospital District No. 1 ("Hospital District") as the Chief Financial

3    Officer of Morton General Hospital ("Morton") on November 21, 2014 by Hiram Whitmer, the

4    Chief Executive Officer of Morton.  Dkt. 1, at 3.  Plaintiff's maintains that his employment at the

5    hospital was improperly terminated less than two months later based on his sexual orientation.

6    *Id*.  Plaintiff asserts claims for violation of his procedural due process and equal protection rights

7    under the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and for violations of the Washington

8    Law Against Discrimination, RCW 49.60, *et. seq*. ("WLAD").  Dkt. 1.  Plaintiff seeks damages,

9    attorney's fees, and costs.  *Id*.

10                                          **FACTS**

11    On December 14, 2016, the Plaintiff's motion for an order finding that Defendants

12    waived the attorney-client privilege was granted.  Dkt. 28.  (Plaintiff's motion was filed on the

13    last day such motions were allowed under the case schedule). That order granted the Plaintiff's

14    motion to compel the Defendants to respond to Plaintiff's First Interrogatories and Requests for

15    Production and produce all documents related to the evaluation of how to terminate Plaintiff's

16    employment, including those that contained the advice of counsel.  *Id*.  The December 14, 2016

17    Order noted that there may be issues regarding Washington's Rules of Professional Conduct

18    ("RPC") 3.7 "Lawyer as Witness," and perhaps others, including RPC 1.7 "Conflict of Interest:

19    Current Clients," for the Defendants' lawyers, and gave the Defendants' counsel until January 9,

20    2017 to inform the Court of whether they intended continue in the case.  *Id*. Both parties were

21    also ordered to inform the Court by January 9, 2017 as to whether extension of the remaining

22    case deadlines is appropriate.  *Id*.

23

24

1       The Defendants now move for reconsideration and/or clarification of that order.  Dkt. 29.

2 The Defendants argue that the Court based its conclusions on the "false premise" that Mr.

3 Whitmer accurately described his communications with the hospital's lawyers, and request that

4 the Court conduct an *in camera* review of the documents at issue.  *Id.*  In addressing the prior

5 order's findings that Defendants took an affirmative act that placed privileged information at

6 issue, Defendants argue that their only "affirmative act" was to deny the false allegations of Mr.

7 Whitmer, and that reconsideration is necessary to prevent injustice to the Defendants.  *Id.*  The

8 Defendants argue that, to the extent that the Court ruled that the documents' assumed importance

9 alone was sufficient to find implied waiver, the Court committed legal error.  *Id.*  They contend

10 that Mr. Frawley, Plaintiff's counsel, may have violated the Professional Rules of Conduct when

11 Mr. Frawley spoke with and used Mr. Whitmer's statements (regarding the advice of counsel Mr.

12 Whitmer received in firing Plaintiff) in drafting the Complaint, which was filed before the

13 Answer, the document containing the alleged waiver.  *Id.*  The Defendants state that they are

14 willing to "avoid a waiver by agreeing not to rely upon privileged communications in their

15 defense."  *Id.*  The Defendants also assert that the parties need clarification on the scope of the

16 waiver and permissible discovery.  *Id.*

17       Pursuant to Local Rule W.D. Wash. 7(h)(3), the undersigned offered an opportunity for

18 Plaintiff to file a response to the Defendants' motion for reconsideration; and Defendants were

19 offered an opportunity to file a reply.  Dkt. 33.  The deadline for the Defendants' counsel to

20 notify the Court whether they intended to proceed in the case was moved to January 20, 2017.

21 *Id.*  The deadline for both parties to inform the Court as to whether an extension of the remaining

22 case deadlines is appropriate was reset to January 20, 2017 as well.  *Id.*

23

24

1       In Plaintiff's response to the motion for reconsideration, he argues that Defendants do not

2  offer anything new in their motion, and so are not entitled to relief under Local Rule 7(h).  Dkt.

3  36.  He maintains that the allegation that Mr. Whitmer is lying is a question for trial as is whether

4  Defendants are being untruthful.  *Id.*  Plaintiff alleges that the Defendants did not simply deny

5  his allegations, but created a "narrative" that "contained specific details and included an

6  extensive review and deliberation period by Mr. Whitmer that nobody can testify to" because

7  Defendants assert that Mr. Whitmer "cannot testify because his story is protected by the

8  privilege."  *Id.* Plaintiff argues that the allegations that his counsel may have engaged in

9  unethical conduct are baseless.  *Id.*  He maintains that there is no injustice to Defendants.  *Id.*

10  Plaintiff asserts that *in camera* review of the documents is insufficient because "much of the

11  advice given to Mr. Whitmer occurred telephonically."  *Id.*  Plaintiff does not object to

12  clarification of the scope of the waiver.  *Id.*

13       In their reply, Defendants point out that Plaintiff provided no basis for the Court to deny

14  *in camera* review of the documents.  Dkt. 40.  They again assert that they committed no

15  affirmative act placing attorney-client privilege at issue.  *Id.*  The Defendants again reiterate that

16  they "agree not to rely on privileged communications in defending this case," they urge that now

17  the only thing that Mr. Whitmer will not be able to testify about is "his allegation that outside

18  counsel advised him on how to make the process appear legitimate." *Id.*  Defendants assert that

19  Plaintiff's remaining arguments are irrelevant to the issue of implied waiver.  *Id.*

20       Also ripe for consideration is Plaintiff's Motion for Leave to Conduct Limited Discovery.

21  Dkt. 31.  Plaintiff filed the motion on December 29, 2016, and seeks an order (1) permitting him

22  to depose "the attorneys with knowledge relating to the firing of Mr. Carlson," including Mr.

23  Van Kirk and Ms. Kebler (the attorneys that originally advised Mr. Whitmer) and Ms. Shukis

24

1   and Ms. Slade (Defendants' current attorneys); (2) depose Seth Whitmer; and (3) extending the

2   discovery deadline to February 15, 2017.  Dkt. 31.  (The discovery deadline was December 12,

3   2016.  Dkt. 18).  Plaintiff states that he opposes extension of any other deadlines.  *Id.*

4          In response to Plaintiff's Motion for Leave to Conduct Limited Discovery, Defendants

5   argue that the motion should be denied, in part because he improperly noted his motion, his

6   requested depositions are in violation of Fed. R. Civ. P. 30 because he has already taken nine

7   depositions, and now seeks 14.  Dkt. 34.  They do not object to the deposition of Mr. Whitmer,

8   and indicate that the parties are working on a solution together.  *Id.*  The Defendants oppose

9   Plaintiff's motion to depose the attorneys.  *Id.*  Further, Defendants request that the Court deny

10  Plaintiff's request regarding the discovery deadline until all parties have an opportunity to brief

11  whether all deadlines should be extended on January 20, 2017 the deadline ordered by the Court.

12  *Id.*

13         Plaintiff replies, and argues that deposition of Mr. Van Kirk and Ms. Kebler (the

14  attorneys that originally advised Mr. Whitmer) is necessary because Mr. Whitmer will testify

15  that "defense counsel advised him to fire [Plaintiff] using the fraud allegation as a pretext, that

16  defense counsel was aware that the true reason for [Plaintiff's] firing was Mr. Carlson's sexual

17  orientation, and that defense counsel provided a regimented process for Mr. Carlson to follow."

18  Dkt. 44.  He now asserts that review of the documents wouldn't be sufficient to learn what was

19  communicated between defense counsel and Mr. Whitmer.  *Id.*  He maintains that the documents

20  would be valuable in determining the amount of time spent advising Mr. Whitmer, and alleges

21  that "the written documents will very likely help substantiate the testimony given by Mr.

22  Whitmer." *Id.*  He argues that they only way to gain what advice was given in-person to Mr.

23  Whitmer is to depose the lawyers at the time.  *Id.*  Plaintiff asserts that deposition of Defendants'

24

ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR CLARIFICATION
AND RENOTING MOTION- 5

1    current trial counsel, Ms. Shukis and Ms. Slade, is necessary because he maintains that they are

2    "the only individual that could possibly have created Defendants' discovery responses and

3    Defendants' theory in this case." *Id.*  Plaintiff then argues that he has deposed all other

4    individuals that were disclosed as having the requisite knowledge and they "[a]ll testified they

5    did not answer Plaintiff's discovery and did not have the knowledge required to do so." *Id.*

6    Plaintiff argues that leave should also be granted for him to depose Mr. Whitmer, if he should

7    choose to do so. *Id.*

8        Plaintiff has also moved for summary judgment (Dkt. 38) and that motion is noted for

9    consideration on January 27, 2017.

10                                    **DISCUSSION**

11       A. **MOTION FOR RECONSIDERATION**

12       Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored.

13   The court will ordinarily deny such motions in the absence of a showing of manifest error in the

14   prior ruling or a showing of new facts or legal authority which could not have been brought to its

15   attention earlier with reasonable diligence."

16       The Defendants' Motion for Reconsideration and/or Clarification (Dkt. 29) should be

17   granted, in part.  The Defendants' motion for an *in camera* review of the documents that

18   Defendants were ordered to provide in the December 14, 2016 order, "all documents related to

19   the evaluation of how to terminate Plaintiff's employment, including those that contained the

20   advice of counsel," (Dkt. 29) should be granted.  Defendants should file those documents under

21   seal for the Court's review on or before January 13, 2017.  The Motion for Reconsideration

22   and/or Clarification should be renoted for January 13, 2017.

23

24

1 **B.  MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

2       Plaintiff's motion for leave to conduct additional depositions (Dkt. 31) should be denied

3 without prejudice, to be renoted, if appropriate.  (This decision is not intended to impact any

4 agreement the parties reach regarding Mr. Whitmer's deposition.)  The Court is now

5 reconsidering its prior order regarding the waiver of attorney client privilege.  Plaintiff appears to

6 be construing the December 14, 2016 order more broadly than was intended.

7 **C.  HEARING**

8       The Court finds that a status hearing in this case is appropriate.  This case is scheduled to

9 start trial on March 13, 2017.  The dispositive motions deadline is today.  A status hearing should

10 be set for January 17, 2017 at 10:00 a.m.

11 **ORDER**

12     Accordingly, it is **ORDERED** that**:**

13     • Defendants' Motion for Reconsideration and/or Clarification (Dkt. 29) is

14         **GRANTED**, in part, as follows:

15         o The Court shall conduct an *in camera* review of the documents at issue;

16         o Defendants shall file the documents at issue under seal by January 13, 2017;

17         o Defendants' Motion for Reconsideration and/or Clarification (Dkt. 29) is

18           **RENOTED** for January 13, 2017;

19     • Plaintiff's Motion for Leave to Conduct Limited Discovery (Dkt. 31) is **DENIED**

20         **WITHOUT PREJUDICE**;

21     • A status hearing **IS SET** for January 17, 2017 at 10:00 a.m.

22       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

23 to any party appearing *pro se* at said party's last known address.

24

1    Dated this 10th day of January, 2017.

2

3

4    ROBERT J. BRYAN
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION FOR
RECONSIDERATION AND/OR CLARIFICATION
AND RENOTING MOTION- 8