UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS COUNTY HOSPITAL DISTRICT No.1, a Washington governmental entity; ROSS JONES, a married man; JUDY RAMSEY, a married woman; KENTON SMITH, a married man; MARC FISHER, a married man; SHANNON KELLY, a married woman; SHERI HENDRICKS, a married woman,<br><br>Defendants. | CASE NO. 15-5913 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Defendants' Motion for Reconsideration. Dkt. 29. The Court has considered the pleadings filed regarding the motion and the remaining file.

On December 15, 2015, Plaintiff, a gay man, filed this case asserting that he was hired by Defendant Lewis County Hospital District No. 1 ("Hospital District") as the Chief Financial Officer of Morton General Hospital ("Morton") on November 21, 2014 by Hiram Whitmer, the

Chief Executive Officer of Morton. Dkt. 1, at 3. Plaintiff maintains that his employment at the hospital was improperly terminated less than two months later based on his sexual orientation. *Id*. Plaintiff asserts claims for violation of his procedural due process and equal protection rights under the U.S. Constitution and for violations of the Washington Law Against Discrimination, RCW 49.60, *et. seq*. Dkt. 1. Plaintiff seeks damages, attorney's fees, and costs. *Id.*

## I. BACKGROUND FACTS AND PENDING MOTION

Some of the background facts are in the February 7, 2017 Order on Plaintiff's Motion for Order of Partial Summary Judgment, and are adopted here. Dkt. 73, at 2-13.

On December 14, 2016, the Plaintiff's motion for an order finding that Defendants waived the attorney-client privilege was granted. Dkt. 28. That order granted the Plaintiff's motion to compel the Defendants to respond to Plaintiff's First Interrogatories and Requests for Production and produce all documents related to the evaluation of how to terminate Plaintiff's employment, including those that contained the advice of counsel. *Id.*

The Defendants move for reconsideration and/or clarification of that order. Dkt. 29. The Defendants argue that the Court based its conclusions on the premise that Mr. Whitmer accurately described his communications with the hospital's lawyers, and request that the Court conduct an *in camera* review of the documents at issue. *Id.* Pursuant to Local Rule W.D. Wash. 7(h)(3), the undersigned offered an opportunity for Plaintiff to file a response to the Defendants' motion for reconsideration; and Defendants were offered an opportunity to file a reply. Dkt. 33. In Plaintiff's response to the motion for reconsideration, he argues that Defendants do not offer anything new in their motion, and so are not entitled to relief under Local Rule 7(h). Dkt. 36. In their reply, Defendants assert that they committed no affirmative act placing attorney-client

privilege at issue. Dkt. 40. They again reiterate that they "agree not to rely on privileged communications in defending this case." *Id.*

On January 10, 2017, Defendants' Motion for Reconsideration (Dkt. 29) was granted, in part. Defendants were granted leave to file, under seal, the documents that they were ordered to provide in the December 14, 2016 order - that is: "all documents related to the evaluation of how to terminate Plaintiff's employment, including those that contained the advice of counsel." Dkt. 45. On January 12, 2017, Defendants filed declarations and several pages of pleadings under seal, including emails from attorneys Jared Van Kirk and Julie Kebler regarding the termination of Plaintiff's employment with the hospital. Dkts. 46-50.

On January 17, 2017 a hearing was held regarding the motion for reconsideration and argument was heard on whether the attorney client privilege had been breached. Dkt. 51. The parties were informed that while the Court did not find anything discoverable in the documents provided *in camera*, no final decision on the motion for reconsideration could be made until after the deposition of Mr. Whitmer. Dkt. 68, at 3-4 and 19-25. Parties at the hearing indicated that they were hoping to take Mr. Whitmer's deposition in February. Dkt. 68, at 26.

In early February, the parties made various efforts to take Mr. Whitmer's deposition in Seattle, Washington in accord with prior discussions between the parties and Mr. Whitmer. Dkt. 78, at 5-20. (It appears that Mr. Whitmer now resides Missouri. *Id.*) On February 12, 2017, Mr. Whitmer's attorney notified the Plaintiff and Defendants that Mr. Whitmer was "not available for deposition." Dkt. 78, at 21. Defendants wrote to Mr. Whitmer's counsel on February 13, 2017, to discuss how to move forward with the deposition. Dkt. 78, at 31. Defendants' counsel sent a revised notice and subpoena, setting Mr. Whitmer's deposition for February 28, 2017, in Kansas City, Missouri. Dkt. 78, at 31-38. On February 14, 2017, Mr. Whitmer's lawyer emailed

Defendants' attorneys and, as is relevant here, indicated that "Mr. Whitmer is not available for deposition, neither here nor in Missouri. . . Mr. Whitmer is now firm in his decision to protect his family and is backing away from testifying in Mr. Carlson's lawsuit." Dkt. 78, at 43. Defendants' attorneys forwarded this email to Plaintiff's lawyer that same day. Dkt. 78, at 45. It appears from the pleadings that Mr. Whitmer has not yet been deposed. *Id.*

The discovery deadline is March 17, 2017 and trial is set to begin on May 22, 2017. Dkt. 73, at 23.

## II. <u>DISCUSSION</u>

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The Court has informed the parties that it could not make a complete decision on the motion for reconsideration regarding the question of waiver of the attorney client privilege until after Mr. Whitmer's deposition. The parties are having difficulty getting Mr. Whitmer's deposition. The December 14, 2016 Order on Plaintiff's Motion to Compel Discovery and for Waiver of Attorney Client Privilege (Dkt. 28) should be stayed, and, if necessary, a motion to lift the stay should be filed only after the deposition of Mr. Whitmer. The Defendants' Motion for Reconsideration (Dkt. 29) should be denied, without prejudice, to be renoted with the addition of Mr. Whitmer's testimony and argument related thereto, if necessary, if the stay on the December 14, 2016 Order on Plaintiff's Motion to Compel Discovery and for Waiver of Attorney Client Privilege (Dkt. 28) is lifted.

## III. ORDER

Accordingly, it is **ORDERED** that**:**

- The December 14, 2016 Order on Plaintiff's Motion to Compel Discovery and for Waiver of Attorney Client Privilege (Dkt. 28) **IS STAYED;** and
- Defendants' Motion for Reconsideration and/or Clarification (Dkt. 29) **IS DENIED, WITHOUT PREJUDICE**, to be renoted if the stay on the December 14, 2016 Order on Plaintiff's Motion to Compel Discovery and for Waiver of Attorney Client Privilege (Dkt. 28) is lifted.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of March, 2017.

ROBERT J. BRYAN
United States District Judge