UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC CARLSON,

Plaintiff,

v.

LEWIS COUNTY HOSPITAL DISTRICT No.1, a Washington governmental entity; ROSS JONES, a married man; JUDY RAMSEY, a married woman; KENTON SMITH, a married man; MARC FISHER, a married man; SHANNON KELLY, a married woman; SHERI HENDRICKS, a married woman,

Defendants.

CASE NO. 15-5913 RJB

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on the Plaintiff's Motion for Leave to Amend Complaint. Dkt. 74. The Court has considered the pleadings filed regarding the motion and the remaining file.

On December 15, 2015, Plaintiff, a gay man, filed this case asserting that he was hired by Defendant Lewis County Hospital District No. 1 ("Hospital District") as the Chief Financial

Officer of Morton General Hospital ("Morton") on November 21, 2014 by Hiram Whitmer, the Chief Executive Officer of Morton. Dkt. 1, at 3. Plaintiff maintains that his employment at the hospital was improperly terminated less than two months later based on his sexual orientation. *Id*. Plaintiff asserts claims for violation of his procedural due process and equal protection rights under the U.S. Constitution and for violations of the Washington Law Against Discrimination, RCW 49.60, *et. seq*. ("WLAD"). Dkt. 1. Plaintiff seeks damages, attorney's fees, and costs. *Id.*

## I. BACKGROUND FACTS AND PENDING MOTION

Some of the background facts are in the February 7, 2017 Order on Plaintiff's Motion for Order of Partial Summary Judgment, and are adopted here. Dkt. 73, at 2-13.

In early February, the parties made various efforts to take Mr. Whitmer's deposition in Seattle, Washington in accord with prior discussions between the parties and Mr. Whitmer. Dkt. 78, at 5-20. (It appears that Mr. Whitmer now resides Missouri. *Id.*) On February 12, 2017, Mr. Whitmer's attorney notified the Plaintiff and Defendants that Mr. Whitmer was "not available for deposition." Dkt. 78, at 21. Defendants wrote to Mr. Whitmer's counsel on February 13, 2017, to discuss how to move forward with the deposition. Dkt. 78, at 31. Defendants' counsel sent a revised notice and subpoena, setting Mr. Whitmer's deposition for February 28, 2017, in Kansas City, Missouri. Dkt. 78, at 31-38.

On February 14, 2017, Mr. Whitmer's lawyer emailed Defendants' attorneys and, as is relevant here, indicated that "Mr. Whitmer is not available for deposition, neither here nor in Missouri. . . Mr. Whitmer is now firm in his decision to protect his family and is backing away from testifying in Mr. Carlson's lawsuit." Dkt. 78, at 43. Defendants' attorneys forwarded this email to Plaintiff's lawyer that same day. Dkt. 78, at 45.

Plaintiff filed the pending Motion for Leave to Amend Complaint on February 16, 2017. Dkt. 74. In this motion, Plaintiff acknowledges that both parties are having difficulty getting Mr. Whitmer's cooperation for a deposition. *Id.* He asserts that "Mr. Whitmer's testimony is very important to [Plaintiff's] case," and adding Mr. Whitmer as a defendant "is necessary to preserve [Plaintiff's] ability to present his case." *Id.*

In response, the Defendants argue that Plaintiff has not shown good cause for an extension of the deadline to add parties and has not met the standard for amending his complaint under Fed. R. Civ. P. 15. Dkt. 76. They point out that Plaintiff's stated reason for adding Mr. Whitmer (to enable Plaintiff to compel Mr. Whitmer's testimony at trial) is not a proper basis for amendment. *Id.* The Defendants note that the Federal Rules of Civil Procedure have a process for compelling reluctant out-of-state witnesses to cooperate. *Id.* (discussing Rules 45 and 32).

Plaintiff replies and argues that the process to obtain Mr. Whitmer's testimony, as provided in the federal rules, isn't practical because each side needs two full days regarding the waiver of attorney client privilege, then there needs to be time for *in camera* review of the testimony, and then parties would need another two full days of preservation deposition of Mr. Whitmer, resulting in four days of depositions. Dkt. 79. Plaintiff asserts that he "cannot compel the necessary deposition time of Mr. Whitmer" due to Rule 45's prohibition of subjecting a witness to undue burden, and Rule 30's time limits. *Id.*

The discovery deadline is March 17, 2017 and trial is set to begin on May 22, 2017. Dkt. 73, at 23.

## II. DISCUSSION

Fed. R. Civ. P. 16 (b)(4) provides that a case "schedule may be modified only for good cause and with the judge's consent." The deadline to amend the pleadings to add parties has

expired. Accordingly, Plaintiff must show good cause for alteration of the case schedule. It appears appropriate to allow a late filing of a motion to amend in light of Mr. Whitmer's apparent change in his willingness to assist Plaintiff. See *Coleman v. Quarter Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000)(noting that, generally, Rule 15(a) governs amendment of pleadings, but where the district court's deadline for amendment of the pleadings passed, the district court properly considered whether the plaintiff had shown good cause under Rule 16(b)).

Plaintiff's motion to amend (Dkt. 74) should be denied without prejudice. While Plaintiff has shown good cause under Rule 16 for an extension of the deadline to add Mr. Whitmer as a defendant in this matter, Plaintiff's difficulty in getting Mr. Whitmer to cooperate in a deposition does not provide a basis to add Mr. Whitmer as a defendant in this case. It will be a different matter if Plaintiff moves to amend because Plaintiff, in good faith, believes he has a meritorious claim against Mr. Whitmer.

## III. ORDER

Accordingly, it is **ORDERED** that**:**

- Plaintiff's Motion for Leave to Amend Complaint (Dkt. 74) **IS DENIED WITHOUT PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of March, 2017.

ROBERT J. BRYAN
United States District Judge